**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DOCTOR'S DATA, INC., a Nevada corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-CV-3795 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| STEPHEN J. BARRETT, M.D., | ) | |
| THE NATIONAL COUNCIL AGAINST | ) | |
| HEALTH FRAUD, INC., a California corp., | ) | |
| and QUACKWATCH, INC., a Pennsylvania corp., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME
## TO COMPLETE PLAINTIFF'S DEPOSITION

Defendants, Stephen J. Barrett, M.D., The National Council Against Health Fraud, Inc., and Quackwatch, Inc. (collectively, "Defendants"), by their attorneys, respectfully move this Court for and Order granting Defendants and extension of time within which to complete the Rule 30(B)(6) deposition of Plaintiff, and in support thereof state as follows:

### ATTORNEY CERTIFICATION

1.     Counsel for Defendants, Michael K. Botts, hereby certifies that he has made a good faith attempt to resolve the parties' differences regarding postponing the Rule 30(b)(6) deposition of Plaintiff pursuant to the Court's Case Management Rules. Defense Attorney Botts and Plaintiff's Attorney Anthony Mascopinto spoke on the telephone for more than 5 minutes on April 29, 2013 regarding the matters raised in the instant Motion, and a rejection of Defendants' request to reschedule the May 2, 2013 Rule 30(b)(6) deposition of Plaintiff was communicated via e-mail later that day by Plaintiff's counsel.

## STATUS OF THE CASE

2.      This Court ordered the continuation of the Rule 30(b)(6) deposition of Plaintiff to be completed by May 6, 2013. (March 14, 2013 Hearing Transcript pp. 16-18.)

3.      By agreement, the Plaintiff's deposition was set for May 2, 2013.

4.      On April 25, 2013, Defendants filed their Motion for Order Authorizing Additional Time to Complete the Deposition of Plaintiff (Doc. # 191), requesting this Court's resolution of Plaintiff's position to limit the deposition to one witness for 3.5 hours.  That Motion was scheduled for hearing on May 1, 2013.  Defendants were prepared to take the deposition on the scheduled date upon resolution of the length of deposition issue.

5.      On April 29, 2013, Plaintiff filed its Response to Defendants' Motion for Order Authorizing Additional Time to Complete the Deposition of Plaintiff.  Plaintiff also incorporated into that Response an additional Motion titled "[Plaintiff's] Cross-Motion for A Rule 26(c) Protective Order." (Doc. # 194.)

6.      Contemporaneously with this Motion, Defendants are also filing a Motion for Leave to File Response Brief, which requests one week to respond to Plaintiff's Response and Cross-Motion.

## ARGUMENT

7.      Plaintiff's combined Response and Cross-Motion (Doc. # 194) seeks limitation of the deposition length and an improper narrowing of the topics of inquiry.  Plaintiff's Motion was filed in violation of this Court's Case Management Rule requiring notice of three business days.  It is scheduled to be heard on the eve of the May 2, 2013 deposition.

8.      The limitation of topics sought by Plaintiff include barring Defendants from inquiring into the statements alleged to be defamation *per se*.  Further, Plaintiff seeks to prevent

inquiry into the subject matter of the tests themselves. Without addressing the merits of the arguments in the instant Motion, Defendants respectfully assert that the determination of whether inquiry will be allowed on those topics is fundamental to their defenses. Defendants note that Judge Chang in this case long ago recognized that the alleged defamation and the tests are central to this case, stating:

> The heart of this lawsuit is the defamatory statements as to this metals testing, and so documents that are aimed at the accuracy and efficacy of this testing, they are at issue, so the plaintiff will have to disclose sufficient information so that the defendants can defend the purported truth of the defamatory statements that were made.

(May 9, 2012 Hearing Transcript p. 12.)

9.    Plaintiff's present refusal to discuss the statements and the testing without court order would most likely result in a seriously deficient deposition record, wasted travel and court reporter expenses, and most likely, a later motion to compel testimony on these same topics.

WHEREFORE, Defendants respectfully request this Court: (a) Order the continuation of the Rule 30(b)(6) deposition of the Plaintiff, which is now scheduled for May 2, 2013, to a date in the future after the Court has ruled on Defendants' Motion for Order Authorizing Additional Time to Complete the Deposition of Plaintiff and Plaintiff's Cross-Motion for A Rule 26(c) Protective Order; and (b) for any other relief as this Court deems just and reasonable.

April 30, 2013

Respectfully submitted,

Dr. Stephen J. Barrett, National Council
Against Health Fraud, Inc., and
Quackwatch, Inc.,
Defendants

By:  _/s/ Ashley L. Orler_____
        One of their Attorneys

3

Local Counsel:
Peter M. Katsaros, Esq. (#3122661)
Ashley L. Orler, Esq. (#6297339)
GOLAN & CHRISTIE LLP
70 W. Madison St., Ste. 1500
Chicago, Illinois 60602
(312) 263-2300

Lead Counsel *pro hac vice*:
Michael K. Botts (DC Bar #417717)
MICHAEL K. BOTTS, ATTORNEY AT LAW
1629 K Street, N.W., Suite 300
Washington, DC 20006
(703) 780-1295